## JOHN D. NORTH v. ADALINE NORTH.

*Attachment to enforce payment for support of children.*

Attachment to enforce payment of money is allowed only where an execution cannot be awarded.

Attachment proceedings do not lie to enforce the payment, under an order in a divorce proceeding, of money to support the children, as Act 44 of 1877 authorizes the issue of execution in such cases.

Appeal from Jackson. Submitted June 6. Decided June 18.

DIVORCE. Complainant appeals from an order decreeing him guilty of contempt.

*Jno. D. Conely* for complainant appellant. A decree for the maintenance of children after the divorce of their parents, is enforced under Comp. L., § 4759 and is governed by *Perkins v. Perkins,* 16 Mich., 167.

*Austin Blair* for defendant. An order for the support of children after the divorce of their parents is authorized by Comp. L., §§ 4747, 4749, 4759, 4760; *Chandler v. Chandler,* 24 Mich., 176; and commitment for contempt is the proper remedy for refusing to pay the amount ordered, *Steller v. Steller,* 25 Mich., 159.

GRAVES, J. December 20, 1873, these parties were divorced from the bonds of matrimony by decree of the court below, and about two months later the decree was enrolled. It has never been opened or impaired.

The parties had two young children, but the decree made no provision for their custody or support. Neither did it make any allowance whatever. Complainant afterwards married.

About a year after the decree, proceedings on the foot of it were allowed on the application of defendant con-

cerning the custody and support of the. children, and May 18, 1876, the court referred the investigation to a special commissioner and ordered complainant to pay $3 per week to support the children during the inquiry. Complainant failing to comply, he was proceeded against for contempt and on the 29th of September, 1877, the court adjudged him guilty and ordered that he should pay defendant in fifteen days the sum of $213, being the amount which had accrued under the order of May 18th, and further ordered that in case of his failure to make such payment he be committed to jail.

The case comes up on appeal from this order.

We think in entertaining the proceeding by attachment and granting this order the court misapprehended the remedy. As we held in *Haines v. Haines*, 35 Mich., 138, in reference to Comp. L., § 5689, subd. 3, attachment is allowed to enforce payment of money only in those cases where an execution cannot be awarded, and when the order complained of was made the statute of 1877 authorizing execution in such a case had taken effect. Pub. Acts, 1877, p. 32. We presume that this recent enactment had escaped the judge's attention.

The order must be reversed.

The other Justices concurred.