ARTHUR H. SWARTHOUT v. ELIZABETH LUCAS.

[See 99 Mich. 347.]

*Contempt — Non-payment of costs — Dismissal of appeal from justice's court.*

1. The purpose of How. Stat. § 7260, which provides that "when any rule or order of the court shall have been made for the payment of costs or any other sum of money, and proof by affidavit shall be made of the personal demand of such sum of money, and of a refusal to pay it, the court may order a

precept to commit the person so disobeying to prison until such sum, and the costs and expenses of the proceeding, shall be paid," is to enable courts to enforce interlocutory orders, no other means of enforcement being provided by statute.

2. On the hearing of a motion to dismiss an appeal from justice's court for the failure of the appellant to pay certain costs and for defects in the appeal bond, an order was made requiring the payment of said costs and the amendment of the bond within 10 days, or in default thereof the appeal be dismissed. The order further required the appellant to pay to the attorney for the appellee an attorney fee of $5. The order was not complied with. Contempt proceedings were instituted because of the non-payment of said attorney fee, and the appellant was adjudged guilty of a criminal contempt, and an order was made that he forthwith pay said fee and the costs of the contempt proceedings, and that he remain imprisoned in the common jail of the county until such payment should be made, or until he should be thence discharged by due course of law. And it is held that the case must be treated as though the correct practice had been followed,—making the payment of costs one of the conditions of the order, and a part of the judgment in case of non-compliance; that the court had ample power to enforce its order, and to award an execution for the costs, and could not, by the mere form of the order, deprive the appellant of the protection of How. Stat. § 7257, subd. 3, which confines the remedy by contempt proceedings to cases where, by law, execution cannot be awarded.

*Certiorari* to Saginaw. (McKnight, J.) Argued October 25, 1894. Decided November 20, 1894.

*Certiorari* to review an order of the circuit court committing plaintiff for contempt. Reversed. The facts are stated in the opinion, and in 99 Mich. 347.

*John F. O'Keefe* (*Weadock & Purcell*, of counsel), for plaintiff and petitioner in *certiorari*.

*Bauer & Eaton*, for defendant.

MCGRATH, C. J. This is *certiorari* to the circuit court to review an order committing plaintiff for contempt. Swarthout brought suit in justice's court against Elizabeth

Lucas. Defendant had judgment, from which plaintiff appealed.

On motion to dismiss the appeal, the following order was entered:

"In this cause, motion having been made by Fred. L. Eaton, Jr., attorney for the defendant and appellee, to dismiss the appeal for failure to comply with the statute, after hearing counsel for the respective parties therein, it is ordered that the said plaintiff and appellant pay to the said defendant and appellee the sum of $17.75, justice's fees in said cause, as provided for in section 7003, Howell's Annotated Statutes, and the bond in said cause be amended, within 10 days; and, in default of said plaintiff complying with said conditions as aforesaid within said time, the said appeal to be dismissed.

"And it is further ordered that the said plaintiff pay to the said defendant's attorney the sum of $5, as an attorney fee for said motion."

The purpose of section 7260, How. Stat., is to enable courts to enforce interlocutory orders, no other means of enforcement being provided by statute. Section 7257 expressly confines the remedy by contempt proceedings to cases where, by law, execution cannot be awarded. Section 7021 expressly provides that, if an appeal be dismissed or discontinued, the court shall enter judgment in favor of the appellee for costs. In *Detroit & Birmingham Plank Road Co. v. Circuit Judge*, 27 Mich. 303, it was held that the proper practice, in case of a motion to dismiss an appeal for defects in the affidavit or bond, is to make an order *nisi* that the appeal be dismissed unless, within a time specified, a new and correct affidavit or bond be filed. The court had the power to enter such an order, and to make the payment of the costs one of the conditions, and a part of the judgment in case the other conditions were not complied with. The case must be treated as though such practice had been followed. The court having ample power to enforce its order, and to award an execution for

the costs, it could not, by the mere form of the order, deprive the party of the protection of the statute.

The order adjudging plaintiff guilty of contempt must be set aside, with costs against defendant.

. The other Justices concurred.