ROGER I. SHERMAN, Appellant, v. YANKEE PRODUCTS CORPORATION, Respondent.

JOHN M. GARDNER and FAY H. WHITE, Attorneys for the Plaintiff, Appellants.

Second Department, June 9, 1922.

Subrogation — money deposited by plaintiff with his attorneys to secure expenses of reference — defendant on paying referee's and stenographer's fees in full, subrogated to referee's right in money deposited — motion to compel attorneys to pay over deposit proper remedy.

Where money is deposited by the plaintiff with his attorneys to secure the expenses and disbursements of a reference, the defendant after paying the referee's and stenographer's fees in full upon a decision in its favor is subrogated to the right of the referee in the fund so deposited, and is entitled to have that fund turned over to it or to its attorneys.

The defendant was not bound to resort to an action in equity, but the court had inherent power summarily to order the plaintiff's attorneys to turn over the money deposited to the defendant or its attorneys, and there was no abuse of the discretion of the court in making the order requiring the plaintiff's attorneys to do so.

RICH, J., dissents.

APPEAL by the plaintiff, Roger I. Sherman, and by his attorneys, individually, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 17th day of December, 1921, directing said attorneys to pay to the defendant the sum of $500 on deposit with them.

*John M. Gardner,* for the appellants.

*Allan R. Campbell,* for the respondent.

YOUNG, J.:

This action was referred to David Welch, to hear and determine, by order of June 12, 1920. Plaintiff's attorneys now have in their custody $500 deposited with them by the plaintiff. The record before the referee contains the following note upon the subject: " By the Referee: The plaintiff has placed in the hands of his attorneys a certified check for the sum of five hundred (500) dollars on the Farmers Loan & Trust Company of New York, to secure the expenses and disbursements of the reference."

The referee decided the case in defendant's favor, and his fees and the stenographer's fees amounting to $1,078 were paid by defendant's attorneys. They thereupon demanded from plaintiff's attorneys the $500 deposited with them as security, but this demand was refused upon the ground that the security was solely

Second Department, June, 1922.      [Vol. 201

for the referee's benefit, and that as defendant had voluntarily paid him and he had accepted the same, defendant could not claim it.

Defendant then moved for an order to compel payment, and the court at Special Term granted the motion and made and entered an order directing plaintiff's attorneys to pay defendant, or its attorneys, the $500 deposited with them for the purpose of securing the disbursements and expenses of the reference, and that such payment be applied to reimburse the defendant to the extent thereof for its expenditures for referee's fees. From that order plaintiff and his attorneys appeal to this court.

In my opinion respondent is entitled to this fund under the equitable doctrine of subrogation. In order to secure the report it paid the entire fee. But such payment did not discharge plaintiff's obligation to the referee. It merely operated to transfer the referee's interest in the fund to the defendant. Unquestionably, the defendant upon demand would have been entitled to an assignment from the referee of plaintiff's indebtedness to him and of the fund given to secure it. As it was not a mere stranger but had an interest to protect by payment of the referee's fees to secure the report, an equitable assignment of this indebtedness and the fund securing it resulted. This is the result which subrogation is intended to effect. It is no longer narrow and technical in its scope, but has been broadened and extended to cover particular facts and circumstances where it is equitable that a person furnishing money to pay a debt should be substituted for the creditor or in place of the creditor. It has been called the "mode which equity adopts to compel the ultimate payment of a debt by one who in justice, equity, and good conscience ought to pay it." (*Pittsburgh-Westmoreland Coal Co.* v. *Kerr,* 220 N. Y. 137.) No decision or authority has been cited or brought to my attention, and I have been able to find none, which in the slightest degree indicates that the application of this doctrine to the facts here disclosed violates this underlying equitable principle. On the contrary, I am convinced that justice and equity require its application.

I think the remedy pursued is proper. The result being just, we should observe the spirit which has led to our reform practice and procedure, unless some statute, rule or principle prevents the granting of this remedy and requires an action in equity. I know of none. The summary proceeding here invoked is not regulated by statute, but arises from the court's inherent power of control over its attorneys and officers. It has been extended to a successor in interest of the client (*Schell* v. *Mayor, etc.,* 128 N. Y.

67) and to a fund in the hands of an attorney which belonged to the adverse party. (*Brott* v. *Davidson*, 87 App. Div. 29; *Cooper* v. *Cooper*, 51 id. 595.)   I can see no reason why it may not be still further extended to a fund in the hands of attorneys to secure referee's fees.   A client has a right of action for moneys belonging to him in the hands of his attorney, but the courts give him more speedy relief, because, having the right to compel their officers to deal justly, they enforce the right by this summary remedy and give the client speedily what might otherwise require long and tedious litigation.   This results, not because the parties are attorney and client, but because the court possesses inherent power and control over attorneys to compel performance of their obligations. I think such control extends to any case where attorneys have obtained possession of funds in the course of a litigation by reason of their connection therewith, which rightfully belong to one of the parties or their attorneys.

Of course, the allowance of this summary remedy is within the discretion of the court; but I cannot see that there was any abuse of such discretion by the Special Term.   No rights of the plaintiff or of third parties are prejudiced.   Defendant is simply reimbursed for a payment to which the fund should rightfully in the first instance have been applied.   I can see no necessity, therefore, for relegating the parties to an action in equity.   The facts are undisputed, and the questions of law may as readily, and much more speedily, be solved in this proceeding as in such an action.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

KELLY, JAYCOX and MANNING, JJ., concur; RICH, J., dissents.

Order affirmed, with ten dollars costs and disbursements.