BURNETT *v.* KING.

PETITION OF HOFFMAN.

1. ATTORNEY AND CLIENT—AGREEMENT FOR COMPENSATION.

On client's appeal from order of circuit court fixing compensation of her attorney for his services, finding of trial court that there was agreement between attorney and client that his compensation should be 50 per cent. of amount recovered in action at law, *held*, justified by record.

2. SAME—AGREEMENT FOR COMPENSATION—REASONABLE FEE—APPEAL AND ERROR.

   Where attorney and client entered into valid agreement fixing compensation to be paid him for his services in connection with suit at law, Supreme Court is not concerned with reasonableness of said fee, on appeal of client from order of court fixing it at sum less than that agreed upon.

Appeal from Allegan; Miles (Fred T.), J. Submitted January 10, 1933. (Docket No. 73, Calendar No. 36,977.) Decided May 16, 1933.

Action by Nora Burnett against James K. King and another. On petition of Clare E. Hoffman to fix attorney's fees. Order for petitioner. Plaintiff appeals. Affirmed.

*Diekema, Cross & Ten Cate,* for plaintiff.

*Clare E. Hoffman* and *Leo W. Hoffman,* for petitioner.

McDONALD, C. J. This is an appeal by plaintiff from an order of the circuit court fixing the compensation of her attorney, Clare E. Hoffman, for services rendered in connection with two lawsuits which he conducted for her against the defendants, James K. King and Mary M. King. In one case she secured a judgment for $3,400 which was finally settled for $2,300. Of this amount, $500 was paid in cash and $1,800 deposited with the county clerk pending a release of the judgment. Mr. Hoffman had given notice of a lien for attorney's fees and filed a petition asking the court to fix their amount. The litigation consisted of a suit at law for damages and a chancery suit for specific performance. The petition claimed an agreement with Mrs. Burnett that the

compensation should be 50 per cent. of the amount recovered and paid to her in the suit at law. The court found that the agreement was as claimed by the petitioner, but, as he had agreed in open court to accept $1,000 as payment in full, an order was made for the payment of that amount out of the money deposited with the clerk. From this order the plaintiff has appealed.

The main question of fact is whether there was an agreement that Mr. Hoffman's compensation was to be 50 per cent. of the amount recovered in the suit at law.

There is a direct conflict between the parties on this question, but there are facts and circumstances which we think strongly tend to support the testimony of Mr. Hoffman in regard to the agreement. They appear in the testimony of Mrs. Burnett. After the judgment of $3,400 was obtained, Mr. and Mrs. King moved to Indiana. While there they made an offer to settle the judgment for $2,500. Mr. Hoffman submitted the offer to Mrs. Burnett. She did not accept it, but went to Indiana and settled for a less amount. The settlement was completed by the payment of $500 in cash and the deposit of $1,800 in a bank to be held pending release of the judgment. She not only concealed this settlement from her attorney, but in a subsequent court hearing made positive sworn denials of any settlement. This testimony, concededly untrue, seriously affects her credibility as a witness in the present case. The trial court evidently had this in mind when he made his findings, for he said:

"Considering the testimony of the plaintiff on the trial of the chancery case, and at the hearing on May 25th, together with all of the testimony given on the hearing of this petition, it is found that the agree-

ment as claimed by the petitioner was in fact made; that he gave proper attention to plaintiff's claims and did not neglect her or mislead or misguide her.''

As there was a valid agreement fixing the compensation, we are not concerned with the reasonableness of the fees. Other questions discussed in the briefs have been considered, but we do not think they affect the conclusion reached by the trial judge.

The judgment is affirmed, with costs to the petitioner.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.