In the Matter of ALFRED FEINGOLD, an Attorney, Respondent.

First Department, December 3, 1937.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Henry A. Uterhart* of counsel [*Joseph Otis*, attorney], for the respondent.

PER CURIAM. The respondent converted to his own use the sum of $112.29 which he collected in March, 1935, from one Walter F. Eisenberg, against whom he had entered a judgment in 1928 on behalf of his client, the Sterling Diamond and Watch Company. Concededly he used the money a few days after receiving it. In June, 1936, B. Gutter & Son, Inc., which had taken over the business formerly conducted by the Sterling Diamond and Watch Company, inquired of the respondent as to the Eisenberg account. He admitted he had collected some money and promised to furnish detailed information regarding the matter but failed to do so. On the matter being taken up with him by an attorney for B. Gutter & Son, Inc., he pleaded that his poverty rendered it impossible for him to pay over the money. He admitted an indebtedness of $84.22 after deducting his fee for collection and promised to pay

same at the rate of five dollars a week, assigning his interest in certain judgments to secure such payment. He failed to make any payments until after hearings before the petitioner's grievance committee.

The respondent admitted his fault in failing to turn over the money when received, stating it was because of his dire need. He urges, however, that this proceeding should not be entertained because the relation of attorney and client did not exist between him and the complainant, assignee of his client. This objection is untenable. Where an attorney collects money upon the claim of a client which has been assigned to a third party, the latter may in the discretion of the court recover the money from the attorney by summary proceeding and is entitled to all other remedies which the client has against the attorney. (Sherman v. Yankee Products Corp., 201 App. Div. 647.) Moreover, the relation of attorney and client is not a necessary element of charges of misconduct against an attorney.

As this court has so often stated, the personal needs of an attorney, however extreme, cannot be accepted as an excuse for appropriating the money of clients.

The respondent should be suspended for six months, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in, the order.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Respondent suspended for six months.'