BEGOVICH *v.* MURPHY.

1. CONTRACTS—EXPRESS CONTRACTS—FINDING OF COURT—MOTION TO DISMISS.

Finding of trial court in administrator's suit to recover fee paid defendant attorney that deceased had entered into a definite contract to pay defendant a stated sum to represent deceased in the trial of a charge of murder *held,* unsupported on record presented on plaintiff's appeal from order granting motion to dismiss.

2. SAME—IMPLIED CONTRACTS.

A contract will be implied, where some duty would justify a court in imputing a promise to perform it.

3. SAME—IMPLIED CONTRACTS—ATTORNEY FEES.

A contract will be implied for legal services for the reasonable value of the service rendered in the absence of express contractual terms for legal compensation (Court Rule No 4 [1945]).

4. SAME—SUICIDE—BREACH OF CONTRACT—ATTORNEY AND CLIENT.

The suicide of client who had engaged defendant to represent

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur, Attorneys at Law § 140.
[2] 12 Am Jur, Contracts §§ 4, 5.
[3] 5 Am Jur, Attorneys at Law §§ 153, 198.
[4] 5 Am Jur, Attorneys at Law §§ 37, 172.
[5] 5 Am Jur, Attorneys at Law § 190 *et seq.*

him on a charge of murder is presumed to have constituted a wilful breach of the contract relationship between the attorney and client.

5. ATTORNEY AND CLIENT—VALUE OF SERVICES—IMPLIED CONTRACT— REPAYMENT OF ADVANCES.

It was error for trial court to dismiss administrator's declaration in action seeking repayment of funds advanced defendant attorney beyond initial retainer of $2,500 for representing defendant on charge of murder, where defendant had demanded and received an additional $4,000 before the accused client committed suicide, the value of the attorney's services being for determination at a trial.

Appeal from Wayne; Ferguson (Frank B.), J. Submitted January 6, 1960. (Docket No. 18, Calendar No. 48,373.) Decided February 26, 1960.

Action by Joseph Begovich, administrator of the estate of Nicholas Begovich, deceased, against Neil F. Murphy for refund of sums paid in advance on attorney fees. Declaration dismissed on motion. Plaintiff appeals. Reversed and remanded for trial.

*Steven E. Goodman,* for plaintiff.

EDWARDS, J. In this case, the administrator of the estate of a deceased person seeks recovery of $4,000 of legal fees paid to defendant as counsel for the deceased, on the claim that that portion of the fees paid represented an advance payment for which no services were rendered by defendant because of the prior suicide of the deceased.

The declaration was dismissed on motion without trial. The relevant portion of the declaration recites the facts which are before us and which on this appeal, of course, we assume to be true:

"1. That he is the administrator of the estate of Nicholas Begovich, deceased. * * *

"5. That on or about July 10, 1958, Nicholas Begovich, the plaintiff's intestate, was incarcerated in the county jail under the charge of murder, and that the defendant, Neil F. Murphy, was his lawyer.

"6. That the defendant demanded and received the sum of $2,500 from the plaintiff's intestate.

"7. That subsequent to the demand alleged in paragraph 6 above, the defendant demanded and received an additional sum of $4,000.

"8. That the amounts referred to in paragraphs 6 and 7 above were for legal services for the defense of the plaintiff's intestate.

"9. That before trial, on August 7, 1958, plaintiff's intestate died by suicide.

"10. That the defendant rendered only the following services:

"(a) Initial interview and consultation with the plaintiff's intestate.

"(b) Appearance at arraignment, waiving examination.

"(c) Appearance at arraignment on information, arranging bail.

"11. That the services referred to in paragraph 10 above were not of a value in excess of $2,500.

"Wherefore, the plaintiff prays judgment in the amount of $4,000, plus lawful costs and attorney fees."

The trial judge, on motion to dismiss, found that deceased had entered into "a definite contract * * * to pay the defendant, Neil F. Murphy, an attorney, $10,000 to represent him in the trial of said cause." We do not find these allegations in the declaration.

In fact, we do not find any express contract as to compensation recited in the declaration. On the contrary, we read the declaration as claiming that the $4,000 paid was an advance for legal services to be rendered and which, in fact, were not.

The plaintiff's declaration clearly seeks repayment of the funds advanced on the doctrine of implied

contracts. This Court has held that where some duty would justify a court in imputing a promise to perform it, a contract will be implied. *Woods* v. *Ayres,* 39 Mich 345 (33 Am Rep 396) ; *Currier Lumber Co.* v. *Van Every,* 312 Mich 375.

Generally, in the absence of express contractual terms for legal compensation, the Michigan courts have followed the rule of implying a contract for legal services for the reasonable value of the service rendered. *Eggleston* v. *Boardman,* 37 Mich 14; *In re Freshour's Estate,* 174 Mich 114 (45 LRA NS 67, Ann Cas 1915A, 726) ; *Crary* v. *Goldsmith,* 322 Mich 418. The cases which best illustrate this rule are all ones in which attorneys were claiming fees, rather than the instant situation where a representative of a client is seeking repayment of an advance. But it appears that the rule should be the same as to an action by a client, and indeed Michigan Court Rule No 4 (1945) seems to establish this as public policy.*

We have given consideration to the facts that completion of this contract was prevented by the suicide of the client. On this record, we must presume, as did the trial judge, that this represented a wilful breach.

Nonetheless, we do not believe that, in absence of an express contract which may be interpreted as providing such a contingency, and in the absence of a showing of damage to the opposite party, that the law contemplates such a windfall.

---

* "Attorneys and counselors are officers of the courts of this State and as such are subject to the summary jurisdiction of such courts. The circuit court of the county in which an attorney resides or has an office has jurisdiction, on verified written complaint of any client, either in person or by attorney and after reasonable notice and hearing, *to make any order for the payment of money* or for the performance of any act by the attorney *which law and justice may require.* All courts of record have a like jurisdiction as to all such complaints regarding matters arising in suits or proceedings in such courts." (Emphasis supplied.)

· We recognize that at least 1 court in an early case held a client's suicide warranted retention by his attorney of an unearned fee. *Mitcherson* v. *Dozier,* 30 Ky 53 (22 Am Dec 116). This decision was made after trial, however, and based on the terms of the contract.

We think the soundest view is that stated in 2 Restatement, Contracts, § 357:

"(1) Where the defendant fails or refuses to perform his contract and is justified therein by the plaintiff's own breach of duty or nonperformance of a condition, but the plaintiff has rendered a part performance under the contract that is a net benefit to the defendant, the plaintiff can get judgment, except as stated in subsection (2), for the amount of such benefit in excess of the harm that he has caused to the defendant by his own breach, in no case exceeding a ratable proportion of the agreed compensation, if

"(a) the plaintiff's breach or nonperformance is not wilful and deliberate; or

"(b) the defendant, with knowledge that the plaintiff's breach of duty or nonperformance of condition has occurred or will thereafter occur, assents to the rendition of the part performance, or accepts the benefit of it, or retains property received although its return in specie is still not unreasonably difficult or injurious.

"(2) The plaintiff has no right to compensation for his part performance if it is merely a payment of earnest money, or if the contract provides that it may be retained and it is not so greatly in excess of the defendant's harm that the provision is rejected as imposing a penalty.

"(3) The measure of the defendant's benefit from the plaintiff's part performance is the amount by which he has been enriched as a result of such performance unless the facts are those stated in subsection (1b), in which case it is the price fixed by the contract for such part performance, or, if no

price is so fixed, a ratable proportion of the total contract price."

We read one of Michigan's early cases in this field as in accord with the principles stated above. See *City of Detroit* v. *Whittemore,* 27 Mich 281.

The facts recited in this declaration would not suggest that the second payment of $4,000 could be classed as "earnest money" or retainer.

In this case, we do not now speculate about what the actual facts were, leaving that to answer and hearing of the issues as they are formed at trial. We believe the motion to dismiss should have been denied.

Reversed and remanded for trial. Costs to appellant.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, KAVANAGH, and SOURIS, JJ., concurred.