PETERS *v.* POLVI

1. Appeal and Error—Judgment—Final—Appeal Time—Court Rules.

   Seven months after final judgment is entered is too late to ask for a reversal of that judgment (GCR 1963, 803.1).

2. Judgment—Final—Attack—Contempt—Appeal and Error.

   A final judgment declaring plaintiffs to be owners of riparian rights in certain property and enjoining defendants from using that property for a dock and boat hoist could not be attacked by an appeal from a contempt order issued against defendants for their failure to comply with the restraining injunction.

Appeal from Roscommon, Dennis J. O'Keefe, J. Submitted Division 3 January 6, 1970, at Grand Rapids. (Docket No. 6,757.) Decided January 28, 1970.

Complaint by Henry Peters and Alma Peters against Walfred A. Polvi and Mary Polvi, and Joseph Lipovski and Blanche Lipovski, to enjoin defendants from using plaintiffs' land and to declare plaintiffs to be owners of certain riparian rights. Judgment for plaintiffs. Defendants adjudged in contempt. Defendants appeal. Affirmed.

*James N. McNally,* for plaintiffs.

*Stiles & Fowler,* for defendants.

References for Points in Headnotes
[1] 4 Am Jur 2d, Appeal and Error §§ 292–308.
[2] 4 Am Jur 2d, Appeal and Error § 170.

Before: V. J. Brennan, P. J., and R. B. Burns and T. M. Burns, JJ.

Per Curiam. Plaintiffs are owners in fee of a lot bordering on Sam-O-Set boulevard, which in turn borders on Higgins lake. The northerly edge of the road lies in the waters of the lake. Defendants placed a dock and boat hoist in front of plaintiffs' property near the shoreline.

On October 25, 1967 the circuit judge permanently enjoined defendants from placing their equipment in front of plaintiffs' property and declared plaintiffs to be owners of the riparian rights in front of said property. No appeal was taken from this judgment.

Upon failure of defendants Polvi to remove the boat hoist they were found in contempt of court pursuant to a court hearing on June 4, 1968. The order of contempt was filed December 23, 1968 and the claim of appeal on December 31, 1968.

Defendants' argument on appeal is that plaintiffs are not entitled to riparian rights. This is not the question before the court at this time. Seven months after a judgment is entered is too late to ask for reversal of a final unappealed judgment. GCR 1963, 803.1. Defendants may not at this time attack the judgment by appealing the contempt order.

The boat hoist not having been removed, the order of contempt is affirmed.

Costs to plaintiffs.