## MALJAK v. MURPHY

1. COURTS—CONTEMPT—MONEY—COLLECTION.

    The contempt powers of the court may not ordinarily be used to collect sums of money unless they cannot be collected by execution (MCLA § 600.1701[5]).

2. ATTORNEY AND CLIENT—SUMMARY PROCEEDINGS.

    Attorneys and counselors are officers of the courts of this state and as such are subject to summary jurisdiction of the courts, which have jurisdiction to make any order for the payment of money or for the performance of any act by the attorney which law and justice may require and collection of the payment by contempt proceedings is proper (GCR 1963, 908).

3. ATTORNEY AND CLIENT—MONEY JUDGMENT—PAYMENT—SUMMARY PROCEEDING.

    A court may enforce payment of money by an attorney to his client in a summary proceeding where the attorney received the money while the relation of attorney and client existed (GCR 1963, 908).

4. APPEAL AND ERROR—ATTORNEY AND CLIENT—UNJUST ENRICHMENT—COURT ORDER—CONTEMPT.

    An attorney who has failed to appeal from an order of a court finding that he was unjustly enriched by retaining the unearned portion of a fee collected from a client and ordering him to make monthly repayments cannot complain when he is punished for contempt for failure to comply with the order.

Appeal from Wayne, Richard Robinson, J., presiding. Submitted Division 1 December 9, 1969, at

REFERENCES FOR POINTS IN HEADNOTES

[1]  17 Am Jur 2d, Contempt § 34 et seq.
[2, 3]  7 Am Jur 2d, Attorney and Client § 32 et seq.
[4]  4 Am Jur 2d, Appeal and Error § 171,

Detroit. (Docket No. 7,279.) Decided February 27, 1970. Rehearing denied April 17, 1970. Leave to appeal granted June 23, 1970. 383 Mich 796.

Complaint by Doris Maljak, Katherine Dubois, Lucy Trusk, Margaret Tarin, and Helen Grimes against Neil F. Murphy for return of attorney's fees. Judgment for plaintiffs. Defendant held in contempt of court for failure to obey an order to make monthly payments. Defendant appeals. Affirmed.

*Harold Goodman,* for plaintiffs.

*Charles Burke,* for defendant.

Before: LESINSKI, C. J., and LEVIN and DANHOF, JJ.

DANHOF, J. Defendant appeals an order of the circuit judge finding him in contempt of court for failure to comply with a previous order of the court entered September 26, 1967. The September 26, 1967, order entered by the circuit judge under GCR 1963, 908 ordered defendant to pay to the plaintiffs the sum of $4,000 plus interest payable at the rate of $200 per month. Defendant failed to comply and on February 18, 1969, was found to be in contempt of court and ordered committed to the Wayne county jail for a period of 90 days. It is from this order that he appeals.

A recitation of the history of this matter is important so that we may fully understand the context in which this matter reaches us.

In 1958, Nicholas Begovich was arrested and charged with the crime of murder. While in custody he retained the services of defendant, Neil F. Murphy, an attorney licensed to practice in the state

of Michigan. Defendant agreed to represent Nicholas Begovich for a fee of $10,000. Defendant initially received $2,500 and subsequently another $4,000 making a $6,500 advance on the fee. Prior to the trial Nicholas Begovich committed suicide.

On August 21, 1958, Joseph Begovich, administrator of the estate of Nicholas Begovich, deceased, instituted a proceeding against the defendant in Wayne county circuit court under Court Rule No 4 (1945) now GCR 1963, 908. This action was dismissed by the circuit judge on March 9, 1959, with the court ruling that the summary jurisdiction of Rule No 4 applied only to controversies between attorneys and clients and did not survive to the administrator. The administrator had contended that the $6,500 advance by Nicholas Begovich had not been earned and sought recovery in the amount of $4,000. On March 10, 1959, Joseph Begovich as administrator commenced a common-law action in assumpsit against the defendant in the Wayne county circuit court for $4,000. This action was dismissed on motion by the trial court, the trial judge finding that the deceased had entered into a definite contract to pay the defendant $10,000 to represent him in the murder trial. Thus, by committing suicide the deceased had breached his express contract, and therefore, the administrator was barred from recovery. Plaintiff appealed to the Michigan Supreme Court which in *Begovich* v. *Murphy* (1960), 359 Mich 156, reversed the lower court. The Supreme Court found that the lower court record did not support the finding of an express contract, but rather, that plaintiff's declaration sought repayment of funds advanced on an implied contract. Thus, the matter was reversed and remanded for trial. On February 1, 1963 trial resulted in a verdict for the plaintiff administrator, in the amount of $4,000 plus costs.

On October 9, 1963 plaintiff administrator instituted supplementary proceedings in Wayne county circuit court seeking discovery of defendant's assets and to enjoin defendant from transferring or disposing of any property. On December 24, 1963, the circuit judge ordered the defendant to set up and maintain a set of books and accounts and granted the injunction. On February 23, 1964, Joseph Begovich, administrator, died, and present parties are the real parties in interest.

On August 6, 1965, on motion of the plaintiff the circuit judge entered an order finding the defendant in contempt of court for failure to produce books and records as ordered and sentenced him to 30 days confinement in the Wayne county jail. Defendant appealed this contempt order, and this Court on February 4, 1966, entered an order setting aside the contempt order because personal service had not been made on defendant.

On February 16, 1967, plaintiffs moved to enforce payment by the filing of a motion in circuit court asking (a) that an order enter under GCR 1963, 908 requiring payment by the defendant of the amount of verdict, (b) that an order enter for a writ of execution against properties of the defendant. On August 9, 1967, the trial judge entered an opinion in which he ordered the defendant to pay to the plaintiffs' attorney the sum of $4,000 payable at the rate of $200 per month commencing 30 days from the date of the order. On September 26, 1967 an order was entered under GCR 1963, 908, compelling defendant to pay plaintiffs the sum of $4,000 payable at the rate of $200 per month. Defendant appealed the order of September 26, 1967, to this Court, being the case of *Joseph Begovich,* as administrator of the estate of *Nicholas Begovich* v. *Neil F. Murphy,* Docket No 4515. On July 5, 1968, this

Court entered an order dismissing the appeal because of defendant's failure to order the transcript and file his brief as required by the court rule,[*] and further ordered the defendant to pay to the plaintiff the sum of $400 court costs and punitive damages. On February 7, 1969, a petition to show cause why the defendant should not be held in contempt of court was filed in circuit court, and on February 18, 1969, a hearing on this petition was held at which the defendant was found to be in contempt of court for failure to obey the order of September 26, 1967, and was ordered committed to the Wayne county jail for a period of 90 days.

The question before us is whether the defendant is subject to the provisions of GCR 1963, 908. Defendant claims that there did not exist between him and the administrator the necessary attorney-client relationship which would subject him to the provisions of GCR 1963, 908. With this contention we are unable to agree.

It is admitted that the amount of $6,500 paid to the defendant by Nicholas Begovich was paid to him at a time when he as an attorney was acting in his professional capacity in representing Nicholas Begovich. In *DeKeyzer* v. *Misner* (1932), 258 Mich 208, our Supreme Court on p 210 quoted from *In re Minnesota Phonograph Co.,* 148 App Div 56 (132 NYS 1063):

"'Before a court can enforce payment by an attorney in a summary proceeding, the attorney must have received the money while the relation of attorney and client existed.'"

This relationship did exist. By reason of the judgment heretofore rendered it has been established that the amount of overpayment was $4,000, and

_____

* GCR 1963, 812.

therefore, the question of the amount of the over-payment or the fact that there was an overpayment is settled.

Ordinarily the contempt powers of the court granted in MCLA § 600.1701(5) (Stat Ann 1962 Rev § 27A.1701[5]) may not be used to collect sums of money unless they cannot be collected by execution. *Belting* v. *Wayne Circuit Judge* (1928), 245 Mich 111. But this defendant, being an attorney, is not an ordinary debtor. GCR 1963, 908 states as follows:

"Attorneys and counselors are officers of the courts of this state and as such are subject to the summary jurisdiction of such courts. The circuit court of the county in which an attorney resides or has an office has jurisdiction, on verified written complaint of any client, either in person or by attorney and after reasonable notice and hearing, to *make any order for the payment of money or for the performance of any act by the attorney which law and justice may require.* All courts of record have a like jurisdiction as to all such complaints regarding matters arising in suits or proceedings in such courts." (Emphasis supplied.)

See, also, MCLA § 600.1701(3) (Stat Ann 1962 Rev § 27A.1701[3]).

As an attorney defendant bears a special responsibility which is placed upon him by reason of being licensed to practice law. Having received the money by reason of an attorney-client relationship, it having been found that he was unjustly enriched to the extent of $4,000, and having failed to complete an appeal from the order of the court entered on September 26, 1967, he cannot now be heard to complain of punishment for having failed to comply with that order. *Peters* v. *Polvi* (1970), 21 Mich App 181.

While it is true that at the time that the September 26, 1967, order was entered the defendant had filed for bankruptcy and the trial court may have felt that execution was unavailable, we do not deem this to be of importance, even though the bankruptcy proceedings were subsequently abandoned.

The defendant having been found to be in violation of a direct order of the circuit court, the court had power to punish the willful disobedience of this order by ordering the imprisonment of the defendant.

Affirmed with costs to the plaintiffs.

All concurred.