Elliot C.R. COOK, et al.

v.

Harry Clayton COOK, Jr.

v.

DECHERT PRICE & RHOADS and
William G. Klenk, II.

Civ. A. No. 82–2853.

United States District Court,
E.D. Pennsylvania.

Feb. 1, 1983.

See also, D.C., 559 F.Supp. 213.

Toll, Ebby & Gough, Seymour I. Toll, and Michele Langer, Philadelphia, Pa., for plaintiffs Elliot C.R. Cook, ECRC Limited, Inc. and Nicole's, Inc.

Hunt, Kerr, Bloom, Hitchner, O'Brien & Conrad, K. Robert Conrad, and Robert A. Prentice, Philadelphia, Pa., for defendant Harry Clayton Cook, Jr.

Elwood S. Levy, Philadelphia, Pa., for third-party defendant Dechert, Price & Rhoads.

Berle M. Schiller, Astor, Weiss & Newman, Philadelphia, Pa., for third-party defendant William G. Klenk, II.

## MEMORANDUM

NEWCOMER, District Judge.

Before the court is the motion of the defendant, Clayton Cook, to disqualify the law firm of Dechert Price & Rhoads ("DP & R"), from representation of the plaintiff in this action. That motion will be granted.

This action concerns the control and ownership of Nicole's, Inc., a corporation which operates a popular Philadelphia restaurant, La Terrasse. Clayton Cook, the defendant, is the owner of record of the majority of shares of Nicole's, Inc. His brother, Elliot Cook, the plaintiff in this action, claims beneficial ownership of that stock.

The present dispute was generated by another litigation involving the property on which La Terrasse is located, *The Sansom Committee, et al. v. Lynn, et al.,* C.A. No. 73–1444. That litigation involved a dispute over the 3400 block of Sansom Street. DP & R represented the so-called Sansom Committee. Nicole's and Elliot Cook were members of the Sansom Committee, and apparently were the primary financiers of the Sansom Committee litigation.

In December, 1980, after many years of litigation, a consent decree was entered in the Sansom Committee litigation. It provided that the various properties on Sansom Street were to be transferred to designees of the Sansom Committee. Elliot Cook was designated to receive title to the property on which La Terrasse is located.

On June 30, 1982, Clayton Cook took various actions, including the filing of a *Lis Pendens* on the La Terrasse property, to assert his claim to the ownership of Nicole's and La Terrasse. Shortly thereafter, Elliot Cook filed this action seeking a declaratory judgment that he is beneficial owner of Nicole's, Inc., an injunction preventing Clayton Cook from interfering with the management or operation of La Terrasse, and damages. DP & R prepared this complaint and entered its appearance on behalf of Elliot Cook.

Clayton Cook answered and counterclaimed against Elliot Cook and DP & R.

He alleges that he owns the stock in Nicole's free of any beneficial interest on the part of Elliot Cook and that Elliot Cook used his position as an officer and employee of Nicole's to divert corporate funds to his own use and to usurp a corporate opportunity. The corporate opportunity allegedly usurped was the designation to receive title to the La Terrasse property, which Elliot Cook has been designated to take in his personal capacity.

Clayton Cook's allegations against DP & R are that they committed malpractice and breached their fiduciary duty to Clayton Cook and Nicole's by conspiring with Elliot Cook to usurp Nicole's corporate opportunity and by failing to inform Clayton Cook or Nicole's of the conflict of interest created by DP & R's joint representation of Elliot Cook and Nicole's.

Clayton Cook now moves to disqualify DP & R from further representation of Elliot Cook pursuant to the Pennsylvania Code of Professional Responsibility, DR 5–101 and DR 5–102,[1] which prohibits an attorney from being both an advocate and a witness in the same case.[2]

In this case, DP & R was intimately involved with the conduct and settlement of the Sansom Committee litigation. One aspect of that litigation, the designation of Elliot Cook to receive title to the La Terrasse property, forms the basis of the defendant's counterclaim both against Elliot Cook and against DP & R. Because of DP & R's close connection with the subject matter of this action, and the fact that they are defendants on the counterclaim, they must be disqualified from representing the plaintiff. DR 5–101 and DR 5–102 are designed to prevent a lawyer from being both an advocate and a witness in the same litigation. *See Ethical Consideration, 5–9.* While neither 5–101 nor 5–102 specifically applies to the situation in which counsel is a co-defendant, it is clear that the rationale behind these rules requires that DP & R be disqualified as trial counsel. *See Harrison v. Keystone Coca-Cola Bottling Co.,* 428 F.Supp. 149 (M.D.Pa.1977).

DP & R argues that even if they are disqualified, this disqualification should only extend to the conduct of the trial itself. While DR 5–102(A) does, on its face, seem to only require withdrawal as trial counsel, the policy underlying the code requires that DP & R be disqualified from

---

**1.** This Court has adopted the Pennsylvania Code of Professional Responsibility. L.R.C.P. 14(iv)(b).

**2.** DR 5–101 Refusing Employment When the Interests of the Lawyer May Impair His Independent Professional Judgment.

(A) Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property or personal interests.

(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:

(1) If the testimony will relate solely to an uncontested matter.

(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.

DR 5–102 Withdrawal as Counsel When the Lawyer Becomes a Witness.

(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that this testimony is or may be prejudicial to his client.

any further representation of the plaintiff in this action.

Because DP & R and Elliot Cook are co-defendants on the counterclaim, it is possible that their interests in the conduct of the litigation might differ. DR 5–101(A) prohibits a lawyer from accepting employment "if the exercise of his professional judgment on behalf of his client ... reasonably may be affected by his own financial, business, property, or personal interests." I cannot help but conclude that the exercise of professional judgment and the preparation of a case in which a lawyer is co-defendant may reasonably be affected by that lawyer's interest in the litigation. DP & R must, therefore, be disqualified from further representation of the plaintiff in this case.[3]

---

**3.** It should also be noted that the disqualification of DP & R promotes Canon 9, "A lawyer should avoid even the appearance of impropriety."

