## In re CARROUSEL MOTELS, INC., Debtor.

### Bankruptcy No. 1–88–00199.

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 27, 1989.

Paul Nemann, Cincinnati, Ohio, for the debtor.

Robert W. Burns, Cincinnati, Ohio, for Creditor's Committee.

Linda M. Battisti, Columbus, Ohio, for U.S. Trustee.

Mark A. Greenberger, Examiner, Cincinnati, Ohio.

### DECISION and ORDER

BURTON PERLMAN, Chief Judge.

This is a Chapter 11 case filed January 20, 1988. An order issued January 22, 1988, authorizing the employment of Cohen, Todd, Kite and Stanford as attorneys to represent the debtor-in-possession. The application leading to that order requested the employment of Paul Nemann of that firm. Mr. Nemann filed an affidavit in connection with the application in which he said:

Insofar as I have been able to ascertain, neither I nor my law firm represent any interest, which would be adverse to the interests of the estate herein in matters on which we are to be engaged, except that this law firm represents Harpenau Hotel Investments, the former shareholder of Carrousel Motels, Inc., and Robert Harpenau. Robert Harpenau and Harpenau Hotel Investments are guarantors on a mortgage granted by Carrousel Motels, Inc. The law firm of

Cohen, Todd, Kite and Stanford has no other connection with any other party having an interest in these proceedings. The case proceeded further, and on March 7, 1988, an order was filed appointing a creditors' committee. An amended order revising the composition of the creditors' committee was entered on April 7, 1988. On April 12, 1988, an application was made to employ Robert W. Burns as counsel for the creditors' committee, and that application was granted by order filed April 21, 1988.

On April 18, 1988, debtor's attorney filed an application for interim allowance of compensation. A hearing on that application was held May 25, 1988. Counsel for the creditors' committee at that time indicated that he had no objection to the application and an order approving the application was entered June 8, 1988.

Meanwhile, the U.S. Trustee program was certified and became effective in this district May 5, 1988.

On August 18, 1988, the creditors' committee filed a motion for an order requiring the debtor to prosecute a suit to recover a $3.9 million dividend which had been paid by debtor to Harpenau Hotels, Inc. in July, 1987, the creditors' committee asserting that the payment had been a fraudulent conveyance. In its memorandum in support, the creditors' committee stated that at the time of the payment debtor had been a wholly-owned subsidiary of Harpenau Hotels, Inc. It will be recalled that in his affidavit in support of his appointment as attorney for debtor, counsel recited only that his firm represented Harpenau Hotel Investments and Robert Harpenau, guarantors on a mortgage granted by debtor.

On September 19, 1988, debtor's counsel filed a motion to withdraw. Therein counsel observed that they had, at the start, disclosed that they represented Robert Harpenau and Harpenau Investments, Inc. "because there existed the potential for a conflict of interest", but there had been no objection to their representation of debtor. In its motion to withdraw, debtor's counsel elaborates that the potential conflict exists because debtor was, prior to September, 1987, owned by Harpenau Hotels, Inc., which in turn was 100% owned by Harpenau Investments, Inc. Counsel said in its motion to withdraw that the potential conflict had become more immediate as a result of motion by the creditors' committee requiring debtor to pursue an allegedly fraudulent conveyance paid by debtor to its parent in the summer of 1987.

On October 3, 1988, debtor's attorney filed a further request for interim allowance of compensation. On October 24, 1988, the U.S. Trustee filed an objection (Doc. 91) to the application, and that is what is here before us. A hearing was held November 28, 1988 on the application of debtor's attorney for interim compensation, and the objection thereto.

The objection of the U.S. Trustee which was filed with the court contains several grounds for objection. The first is an assertion that there were duplicative services by two different individuals at the firm of the debtor's attorney rendered June 20, 1988. Secondly, the U.S. Trustee asserts that the explanation for telephone conversations and conferences in the submitted time records is inadequate. Third, the U.S. Trustee asserts that the accounting for time spent, in the time records submitted, combines different tasks into a single paragraph without stating the amount of time spent on each task, so that there is no way to make an assessment of the reasonableness and priority of the requested fees. Fourth, the U.S. Trustee says that compensation for services rendered under the category "Examiner and Dividend" should be denied until there is a showing of benefit to the estate, since counsel has failed to pursue a certain fraudulent conveyance. Finally, it is the position of the U.S. Trustee that no fees should be allowed to debtor's attorney because there is a conflict of interest.

■ Most of these several concerns were addressed at the hearing on the application for fees and the objection thereto. At the hearing, we overruled the objection to duplicative services. In view of the apparent magnitude of the case, it was not inappropriate for more than one attorney to charge

time for the same event. The objection to documentation of telephone conversations and conferences was overruled on grounds of de minimis, it being suggested that counsel in the future provide a reasonable description of such conversations. The same outcome was reached in respect to the objection regarding the combining of different tasks into a single paragraph. We consider the remaining two grounds for objection as turning on the conflict of interest problem raised by the U.S. Trustee.

The basis for the objection is as follows. It is true that in his affidavit in connection with the application for appointment, debtor's counsel disclosed that his office represented the entities Harpenau Hotel Investments which had owned the debtor, and also represented Robert Harpenau individually. In addition, it is true that the bankruptcy schedules disclosed that the debtor, in July, 1987, paid a dividend of $3.9 million to Harpenau Hotels, Inc. The U.S. Trustee then says that what is not disclosed is that Harpenau Hotel Investments is the sole shareholder of Harpenau Hotels, Inc., and further that Robert Harpenau is the sole owner of Harpenau Hotel Investments. The U.S. Trustee says that if these disclosures had been made, it would have been apparent that debtor had paid a $3.9 million dividend to related entities represented by defendant's counsel, and the potential conflict of interest would have been self-evident had such disclosure been made, and the court would have refused the appointment in view of the conflict of interest.

In response, debtor's counsel states that creditors knew of the representation by debtor's counsel of other Harpenau interests from the beginning of the case. Further, debtor's counsel argues that objections on grounds of conflict of interest should be raised early in a case, and it is too late to do so now.

■ The pertinent statute is 11 U.S.C. § 327(a):

### § 327. Employment of professional persons

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

\* \* \* \* \* \*

For purposes of analysis, we understand the objection here to be that debtor's attorneys should be denied compensation because they represented an interest adverse to the bankruptcy estate, that is, an entity which benefitted from payment of a substantial dividend by debtor. We agree with the U.S. Trustee that it is not too late to raise this ground because it goes to the integrity of the administration of the bankruptcy laws so that it cannot be time bound. *In re Coastal Equities, Inc.* 39 B.R. 304, 306 ftnote 2 (Bankr.S.D.Cal.1984).

A bankruptcy debtor has a right to select his own attorney, and that selection will ordinarily be honored by the court. The above bankruptcy statute, however, imposes a limit on that right. That is where the proposed attorney represents "an interest adverse to the estate." Even that limitation may be flexibly applied by a court in the interest of economic and efficient administration, 2 *Collier on Bankruptcy* (15th ed.) § 327.03 ftnote 6, but such an action by a court will depend upon "full and complete", *id.* disclosure. *In re Flying E Ranch Co.* 81 B.R. 633, 637 (Bankr. Colo.1988).

■ Debtor's counsel says that they were concerned about problems of conflict and therefore made the disclosure that they did in the detail that they did. The disclosure, however, does not make the court aware that the dividend paid by the debtor was to and for the benefit of another entity represented by debtor's counsel. We conclude that there was indeed a conflict of interest from the beginning of representation and that was not fairly disclosed to the Court.

It may be that the reason that debtor's counsel undertook the representation was because there was no time to secure other

counsel, or perhaps the debtor, by the time of the filing, could not afford to retain other counsel, but neither of these excuses has been advanced. We are obliged, therefore, to reach the conclusion that debtor's counsel has either an actual conflict of interest, or at least the appearance of a conflict of interest so that it should not have undertaken the representation of debtor, and this should have been apparent to debtor's attorney from the outset.

Accordingly, the objection of the U.S. Trustee is sustained. The application for fees and expenses by debtor's attorney is denied.

So Ordered.