## In re DOORS AND MORE, INC., Debtor.

### Bankruptcy No. 90–20155–R.

United States Bankruptcy Court, E.D. Michigan.

June 6, 1991.

J. Michael Hill, Allen Park, Mich., for debtor.

Stephen Spence, Detroit, Mich., for U.S. Trustee.

### SUPPLEMENTAL MEMORANDUM OPINION REGARDING MOTION FOR RECONSIDERATION

STEVEN W. RHODES, Bankruptcy Judge.

### I.

Attorney J. Michael Hill has filed a motion for reconsideration of the Court's previous order denying the application to approve his employment as attorney for the

debtor. In its earlier opinion, this Court concluded that Hill had not demonstrated sufficient competency or familiarity with the Bankruptcy Code to justify his appointment in this case, and that it would not be in the best interest of creditors, or aid in the administration of the case, to appoint him. *See In re Doors and More, Inc.*, 126 B.R. 43 (Bankr.E.D.Mich.1991).

■ The Court's consideration of this motion is governed by Rule 17(m)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan, which provides:

> Generally and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect which the Court and the parties have been mislead, but also show that a different disposition of the case must result from a correction thereof.

The Court concludes that Hill's motion asks the Court to rule on essentially the same issues that the Court previously ruled upon, and in any event Hill has not demonstrated a palpable defect by which the Court and the parties were misled.

## II.

■ At the hearing on the motion for reconsideration, there was raised one issue that requires further discussion. It was disclosed that Hill had appropriated to his own use the $4,000 retainer fee that had been paid to him by the debtor.[1]

At the hearing, Hill contended that under Michigan law, his conduct was proper, although he was unable to cite any supporting authority.

This Court concludes that Hill's conduct in appropriating the retainer fee to his own use in these circumstances was highly improper under both the Bankruptcy Code and Michigan law. The Court further concludes that this conduct constitutes grounds by itself to deny the application to approve his employment.

### A.

Numerous prior bankruptcy decisions have held that in a Chapter 11 case, a pre-petition retainer fee paid to the debtor's attorney remains property of the estate, and therefore must be held in the attorney's client trust account until the Court awards compensation to the attorney under 11 U.S.C. § 330 or § 331. *See In re Chapel Gate Apartments, Ltd.*, 64 B.R. 569, 576 (Bankr.N.D.Tex.1986); *In re Colin*, 44 B.R. 709 (Bankr.W.D.Mo.1984); *In re Hathaway Ranch Partnership*, 116 B.R. 208 (Bankr. C.D.Cal.1990); *In re C & P Auto Transportation Inc.*, 94 B.R. 682 (Bankr.E.D.Cal. 1988); *In re Burnside Steel Foundry Co.*, 90 B.R. 942 (Bankr.N.D.Ill.1988); *In re K & R Mining, Inc.*, 105 B.R. 394 (Bankr.N. D.Ohio 1989); *In re Fitzsimmons Trucking, Inc.*, 124 B.R. 556 (Bankr.D.Minn. 1991); *In re Montgomery Drilling Co.*, 121 B.R. 32 (Bankr.E.D.Cal.1990).[2]

---

**1.** With the bankruptcy petition, Hill filed a Statement of Attorney Compensation, pursuant to Bankruptcy Rule 2016(b), which disclosed:
"1. Prior to the filing of this disclosure statement, the debtor in this case has paid to the undersigned the sum of **$4,000.00** plus **$500.00** for the filing fee in this case. In addition, the debtor has agreed to pay the following:
**$125.00 per hour 32 hours work**" [Bold in original.]
This disclosure can be interpreted in a number of ways. At the hearing, Hill indicated that he intended his fee to be $4,000 for any and all work up to 32 hours, then $125 per hour for work after the first 32 hours.

**2.** In *In re McDonald Brothers Construction, Inc.*, 114 B.R. 989 (Bankr.N.D.Ill.1990), the court concluded that there are three types of retainers: classic retainers, advance payment retainers, and security retainers. The court further concluded that under Illinois law only a security retainer is property of the bankruptcy estate, subject to the fee application process of 11 U.S.C. § 330 and § 331.
This Court concludes that the Michigan authorities cited and quoted below do not recognize any distinction between an advance payment retainer and a security retainer, and allow a classic retainer only in very strict and narrowly defined circumstances, which do not exist in the present case. (*See* State Bar Ethics Committee Informal Opinion RI–10, issued April 6, 1989) Accordingly, this Court concludes that *McDonald Brothers Construction, Inc.* provides no basis for Hill's conduct in the present case.

### B.

■ Under Michigan law, a client has a clear interest in a retainer fee paid to an attorney. The primary source of law on this subject is the Michigan Rules of Professional Conduct. Rule 1.15(a) states:

A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. All funds of the client paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in an interest-bearing account in one or more identifiable banks, savings and loan associations, or credit unions maintained in the state in which the law office is situated, and no funds belonging to the lawyer or the law firm shall be deposited therein except as provided in this rule.

Rule 1.5 relates to fees, and a comment to that rule states, "A lawyer may require advance payment of a fee but is obliged to return any unused portion."

Rule 1.16(d) states that upon termination of representation, the lawyer shall refund "any advance payment of fee that has not been earned."

Another source of authority on this issue is the Michigan State Bar Ethic Committee, which issues formal and informal opinions on ethics issues presented to it by Michigan attorneys. Informal Opinion CI–374, issued November 10, 1978, states:

"Where an attorney receives a cash retainer from a client, the attorney must keep an appropriate written record concerning the receipt of such retainer and must deposit the funds in an identifiable bank account in this state. In addition, at such times as the retainer is being drawn on for payment of legal services, the attorney should render appropriate statements to his client showing such payment...."

Informal Opinion CI–962, issued September 2, 1983, states:

"An attorney who charges a 'non-refundable retainer' to accept a case must, if discharged, return that portion of the retainer unearned...."

Formal Opinion R–7, issued April 27, 1990, deals with the treatment of retainers as property of the client:

### VI. EXAMPLES

1. Retainers. A client consults with a lawyer about a matter. The lawyer agrees to accept the case and explains the costs and fees to the client, preferably in writing, MRPC 1.5(b). An agreement is reached and the client gives the lawyer a retainer to begin work.

Since the retainer is for work not yet performed, the retainer is unearned and *must* be deposited in the firm's client trust account. MRPC 1.15(a) specifically exempts advances of costs and expenses from deposit in the trust account, but does not exempt the deposit of unearned attorney fees. If the Supreme Court had intended fee advances to be exempt from deposit, the Court would have so specified. A lawyer may not withdraw "anticipated fees." The lawyer must explain to the client that the retainer is considered a deposit, inform the client that withdrawals will be made for fees, and may not withdraw more than has been billed, *Grievance Administrator v. Sauer*, ADB 9–89, 12/8/89.

. . . .

If any portion of the retainer is unearned because it is paid in advance for legal services to be performed in the future on an hourly, flat or percentage basis, the retainer has not been earned and is not a nonrefundable retainer, RI–10. *See also Baranowski v. The State Bar*, 24 Cal.3d 153, 154 Cal.Rptr. 752, 593 P.2d 613 (1979).

Finally, Informal Opinion RI–69, issued February 14, 1991, states:

A nonrefundable retainer paid to a lawyer is the lawyer's property and may not be deposited in a client trust account.

If a fixed fee, or a portion of a fixed fee, is for services to be performed in the future, the fee must be placed in the client trust account until the lawyer has performed the services to which the client is entitled.

If a lawyer-client relationship is terminated before all services are rendered but after payment of a fixed fee, the lawyer shall refund any portion of the fee which has not been earned.

An agreement for delivery of legal services for a fixed fee may provide that certain portions of the fee are "earned" by the lawyer based upon the passage of time, the completion of certain tasks, or any other basis mutually agreed upon by the lawyer and client.

*See also Begovich v. Murphy*, 359 Mich. 156, 101 N.W.2d 278 (1960); *Maljak v. Murphy*, 385 Mich. 210, 188 N.W.2d 539 (1971); *In re Daggs*, 384 Mich. 729, 187 N.W.2d 227 (1971).

These authorities make the point clear that Hill was required to deposit the retainer that he received from the debtor into his client trust account, that his failure to do so was improper under Michigan law, and that under the Bankruptcy Code, he was not permitted to draw on the retainer until the Court awarded fees to Hill pursuant to 11 U.S.C. § 330 and § 331.

Accordingly, an appropriate order will be entered denying the motion for reconsideration, and ordering Hill to repay $4,000 to the debtor in possession.