**In re THE RED LION, INC., Debtor.**

**Bankruptcy No. 93–47411–H3–11.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

Feb. 10, 1994.

J.R. Smith, Houston, TX, for debtor.

Linda King, Winstead, Sechrest & Minick, Houston, TX, for Nat'l Commerce Bank.

Kenneth R. Wynne, Wynne & Maney, Houston, TX, for Applicant for Special Counsel.

### MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

The Court has heard the Application for Order Authorizing Employment of Wynne & Maney as Special Litigation Counsel to the Debtor (Docket No. 29) and Supplement (Docket No. 31), and the opposition by National Commerce Bank ("NCB"). After considering the pleadings, evidence, and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law and enters a separate Judgment in conjunction herewith denying the Application for Order Authorizing Employment of Wynne & Maney as Special Litigation Counsel to the Debtor (Docket No. 29) and Supplement (Docket No. 31). To the extent any findings of fact herein are construed to be conclusions of law, they are hereby adopted as such. To the extent any of the conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

### Findings of Fact

1. The Debtor seeks authorization to employ Wynne & Maney, on a contingency basis to represent the Debtor, The Red Lion, Inc. Wynne & Maney already represent George and Melba Crowder, the principals of Debtor. Wynne & Maney request the court to approve their employment to pursue claims against National Commerce Bank, its officers and/or directors arising out of the banking relationship between the Crowders, the Debtor and NCB. Further, Debtor requests approval of retention of Wynne & Maney to defend Debtor in an action by NCB for a declaratory judgment that the Bank is not liable to the Debtor. See Application for Order Authorizing Employment of Wynne & Maney as Special Litigation Counsel to the Debtor filed by Melba Crowder (Docket No. 29) and Supplemental (Docket No. 31).

2. George Crowder owns one hundred percent (100%) of the stock in the Debtor, The Red Lion, Inc. Mr. and Mrs. Crowder are both officers of the corporation. Testimony of Melba Crowder.

3. A key issue in the prospective cause to be filed by Debtor and the Crowders, and the Bankruptcy Adversary proceeding (Adversary No. 93–4768) already filed by NCB is resolution of the issue of who was responsible for maintaining adequate insurance coverage on the business premises, a restaurant which suffered a fire. The restaurant was not insured at the time of the fire. There is a potential conflict of interest for counsel to represent both the Debtor and the Crowders, as Debtor could assert a claim against the Crowders for failure to maintain the insurance. The Crowders and Debtor claim that NCB was responsible for maintaining the insurance.

4. Proposed counsel, Wynne, was uncertain how proceeds of suit would be divided between Debtor and the Crowders if he were to be successful in the litigation.

5. Applicant asserts that the denial of the motion will leave Debtor without counsel. This Debtor, like every other, may seek counsel. However, in this instance Debtor's counsel must not be the same counsel representing the Crowders. The fact that the Debtor is owned entirely by Mr. Crowder would not preclude the Bankruptcy estate from filing suit against the Crowders individually as a matter of law, but its practical ability would be impaired if each had the same counsel.

6. This Court finds the employment of Wynne & Maney as counsel for both the Debtor and the Crowders poses a potential conflict of interest due to the fact that the Debtor may have a cause of action against one or both of the Crowders.

### Conclusions of Law

1. A debtor-in-possession may employ special counsel subject to court approval, pursuant to 11 U.S.C. § 327 and B.R. 2014 by filing an application with the court setting forth specific facts as to the proposed employment relationship. The attorney to be employed must not hold or represent an interest adverse to the estate and must be a disinterested person.

2. 11 U.S.C. § 327(a) of the code, establishes two requirements for qualification of Debtor's attorney: 1) the attorney must not hold or represent an interest adverse to the estate; and 2) the attorney must meet the disinterested person standard of 11 U.S.C. § 101(13).

3. The phrase "adverse interest" is not defined in the code and the legislative history gives no indications of its intended meaning. It is defined by case law. The phrase was primarily used in its broad commercial and economic sense. In addition, it is defined as possessing or asserting any economic interest that would tend to lessen the value of the estate or create either an actual or potential dispute in which the estate is a rival claimant. See *In re Roberts*, 46 B.R. 815, 826 (Bankr.D.Utah 1985). Adverse interest also includes the attorney's economic and personal interests. See *Shaw & Levine v Gulf & Western Indus., Inc. (In re Bohack Corp.)*, 607 F.2d 258, 264 (2d Cir.1979).

4. Debtor's counsel must be a disinterested person. The purpose of this standard is that Congress intended to prevent conflicts of interest without regard to the integrity of the person under consideration for employment. See *In re Codesco, Inc.*, 18 B.R. 997, 999 (Bankr.S.D.N.Y.1982).

5. The bankruptcy courts have consistently held that when there is a conflict or potential conflict of interest between the debtor corporation and the owner of such corporation, representation by the same counsel should not be allowed. See *In re Carrousel Motels, Inc.*, 97 B.R. 898 (S.D.Ohio 1989); *In re American Thrift & Loan Association*, 137 B.R. 381 (Bankr.S.D.Cal.1992); *In re Smuggler's Beach Properties*, 149 B.R. 740 (Bankr.Mass.1993).

Based upon the above Findings of Fact and Conclusions of Law this Court denies the Application for Order Authorizing Employment of Wynne & Maney as Special Litigation Counsel to the Debtor (#29) and the Supplemental (Docket No. 31) and enters a separate Judgment in conjunction herewith.

*ORDER*

Pursuant to the court's Findings of Fact and Conclusions of Law signed this same date, it is hereby

ORDERED that the Application for Order Authorizing Employment of Wynne & Maney as Special Litigation Counsel to the Debtor (# 29) and the Supplement (Docket No. 31) is denied.