**In re RKC DEVELOPMENT CORPORATION,**
Debtor.

No. 96–58557.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Feb. 28, 1997.

John F. Cannizzaro, Cannizzaro, Fraser & Bridges, Marysville, OH, for Consolidated Estate.

Grady L. Pettigrew, Jr., Arter & Hadden, Columbus, OH, for Kathleen Cooley, et al.

Victoria E. Powers, Schottenstein, Zox & Dunn, Columbus, OH, for Consolidated Freightways of Delaware, Inc.

Arnold S. White, Columbus, OH, Chapter 7 Trustee.

Bando–McGlocklin, c/o Reginald W. Jackson, Vorys, Sater, Seymour and Pease, Columbus, OH.

Alexander G. Barkan, Assistant United States Trustee, Columbus, OH.

Kathleen Cooley, New Albany, OH.

### MEMORANDUM OPINION AND ORDER

CHARLES M. CALDWELL, Bankruptcy Judge.

On May 13, 1996, this Court entered a Memorandum Opinion and Order ("Order"). The Order provided for the substantive consolidation of the individual, Kathleen Cooley ("Ms. Cooley") and the entities, RKC Development Corporation ("RKC"), Medical Technical Services, Inc. ("MTS"), National Creditors Group Corporation ("NCG"), and Professional Billing Services ("PBS") with Creditors Service Corporation ("CSC"), Case No. 94–50019. *In re Creditors Service Corp.*, 195 B.R. 680 (Bankr.S.D.Ohio 1996). In the Order, the Court discusses in considerable detail the financial connections between the individual and the entities, including RKC. Since February 1995, Grady L. Pettigrew, Jr. ("Mr. Pettigrew") and Arter & Hadden ("A & H") have represented the individual and entities that were substantively consolidated into CSC.

In accordance with the Order, the office building held by RKC, that was the primary asset, was ordered sold by this Court at a hearing conducted on November 12, 1996. One day later, on November 13, 1996, the instant chapter 11 proceeding was filed on behalf of RKC, represented again by Mr.

Pettigrew and A & H. The petition was signed by Ms. Cooley as President. It is significant not only that this filing was made one day after the building was ordered sold, but it is also came: (a) twenty-one (21) months after Mr. Pettigrew and A & H commenced their representation of the individual and entities; and (b) six (6) months after the entry of the Order that provided for their substantive consolidation.

On November 15, 1996, a Motion for Authority to Employ Counsel was filed on behalf of RKC. In this Motion, it is purported that RKC seeks to retain the services of Mr. Pettigrew and A & H pursuant to § 327(a) of the United States Bankruptcy Code ("Code"). While the Motion is silent as to any connections with the individual and entities that were the subjects of substantive consolidation, the supporting affidavit does set forth: "Arter & Hadden has represented Kathleen Cooley, sole shareholder of RKC, Medical Technical Services, National Creditor Group, *and remains unpaid for those services.*" (emphasis supplied).

The affidavit is more noteworthy, however, for the information it does not include.[1] First, it does not include the information that Mr. Pettigrew and A & H also represent PBS, and last but not least RKC, in the case of CSC. Second, it does not include the information that in connection with the CSC substantive consolidation litigation, A & H has issued bills to and received payments from *"Kathleen Cooley and/or other corporations."* (**Notice of Disclosure of Payment of Fees by A & H filed on July 1, 1996, in CSC, Case No. 94–50019, emphasis supplied.**)[2] The bills issued total $30,265.75 and after credit of payments in the total amount of $4,170.71, Mr. Pettigrew and A & H are owed a balance of $26,095.04 (**Notice of Disclosure of Payment of Fees by A & H filed on July 1, 1996, in CSC, Case No. 94–50019, emphasis supplied**).

Third, the affidavit does not include the information that "... A subfile in our firm (A & H) on behalf of Kathleen Cooley was created styled *McGlocklin v. RKC Development Corporation.* ... the total amount billed to the client as of June 12, 1996 was $1,310.00 fees and $48.30 in disbursements for a total of $1,358.30. Credited against that was a total of $1,270.36, *leaving a balance of $87.94.*" (**Notice of Disclosure of Payment of Fees by A & H filed on July 1, 1996, in CSC, Case No. 94–50019, emphasis supplied**). Fourth, it does not include the information that as counsel for Ms. Cooley, RKC, NCG, MTS, and PBS in the CSC litigation, "(w)ork in process and unbilled to date *exceeds $140,000 against which no payment has been made*"[3]. (**Notice of Disclosure of Payment of Fees by A & H filed on July 1, 1996, in CSC, Case No. 94–50019, emphasis supplied**).

On December 2, 1996, Arnold S. White, the Trustee in the CSC case ("Trustee"), filed an Objection to Appointment of Counsel. The Objection asserts that A & H may be a creditor of RKC based upon the substantive consolidation litigation, states that there has been inadequate disclosure of fees paid and

1. The Statement of Attorney (Compensation) for Petitioner Pursuant to Bankruptcy Rule 2016(b) filed in the instant case on January 31, 1997, provides no insight into the payment arrangements for Mr. Pettigrew and A & H because it is completed with zeros, and the word "none" is frequently employed. Similarly, in response to Question 9 of the Statement of Affairs filed in the instant case on January 31, 1997 (Payments related to debt counseling or bankruptcy within the last year), the word "none" is used.

2. This pleading was filed in the CSC case by Mr. Pettigrew and A & H subsequent to substantive consolidation in response to sanction proceedings instituted by the Trustee.

3. An affidavit filed by Grady L. Pettigrew, Jr. on May 22, 1996, in the CSC case includes the information that "Arter & Hadden has requested a $140,000 retainer for its services." A retention application filed in the CSC case on behalf of Mr. Pettigrew and A & H on May 22, 1996, includes the information that "... Arter & Hadden has not received any guarantee of Cooley's obligation to pay its legal fees and the legal fees will be funded through the transfer of real estate owned by Cooley." The affidavit and retention application were filed by Mr. Pettigrew and A & H immediately subsequent to substantive consolidation to obtain Court authorization to represent Ms. Cooley. The request was denied on the basis that in chapter 7 cases the Bankruptcy Code contemplates Court authorization of professionals only for trustees, not debtors or other interested parties.

outstanding balances, and asserts the existence of conflicts of interest based upon the financial connections between Ms. Cooley, RKC and other entities that were substantively consolidated. On December 9, 1996, Consolidated Freightways of Delaware, Inc. ("Consolidated") filed an Opposition to Debtor's Motion for Authority to Employ Counsel. Consolidated asserts that Mr. Pettigrew and A & H have failed to adequately disclose their representation of RKC in the substantive consolidation litigation and "... how ... they are not owed significant sums by the Debtor (RKC) for their representation of the Debtor (RKC) in the CSC Bankruptcy and the Adversary."

■ The Code, the Bankruptcy Rules and rules of this Court impose stringent requirements on the eligibility of counsel to represent a chapter 11 debtor. It is important to remember that a chapter 11 debtor becomes a fiduciary upon the date of filing and must act in the best interests of all creditors. 11 U.S.C. § 1107(a). Section 327(a) of the Code provides:

> ... (T)he trustee (debtor), with the court's approval, may employ one or more attorneys, ... **that do not hold or represent an interest adverse to the estate, and that are disinterested persons,**[4] to represent or assist the trustee (debtor) in carrying out the trustee's (debtor's) duties under this title. (emphasis supplied).

Section 327(a) of the Code serves to insure that "... the undivided loyalty and exclusive allegiance required of a fiduciary to an estate in bankruptcy is not compromised or eroded." *In re Prudent Holding Corp.*, 153 B.R. 629, 631 (Bankr.E.D.N.Y.1993).

■ Federal Rules of Bankruptcy Procedure 2014 and 2016 and Local Bankruptcy Rule 4.3(b) impose detailed requirements for the information and certifications that must be provided so that the Court can determine eligibility for retention. In view of the serious ramifications of the disqualification of counsel, the disclosure provisions dictated by the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules are of paramount importance. It is absolutely essential that to eliminate any possible damage to the estate there be timely, accurate and complete disclosure in the retention papers. *In re Carrousel Motels, Inc.*, 97 B.R. 898, 900 (Bankr.S.D.Ohio 1989); *In re Martin*, 817 F.2d 175, 182 (1st Cir.1987); *In re Watson*, 94 B.R. 111, 117–118 (Bankr.S.D.Ohio 1988); *In re Amdura Corp.*, 139 B.R. 963, 977 (Bankr.D.Colo.1992); *In re American Thrift & Loan Ass'n*, 137 B.R. 381, 387 (Bankr. S.D.Cal.1992); *In re Lee Way Holding Co.*, 100 B.R. 950, 955 (Bankr.S.D.Ohio 1989).

■ In examining retention requests, the Court must be mindful to preserve the integrity of the bankruptcy process, guard against potential conflicts, address actual conflicts and ensure that debtor's counsel is primarily concerned with the best interests of the estate and not their own financial interests or interests of others they may represent. *In re Watson*, at 116; *In re Martin*, at 183. This is the essence of being "disinterested." It does not matter that no party has objected or that parties have consented; it is uniquely the responsibility of the Court to determine qualification at the commencement of the case and not leave that issue to the discretion of the parties or address the issues after the fact. *In re Martin*, at 181–182; *In re American Printers & Lithographers, Inc.*, 148 B.R. 862, 867 (Bankr.N.D.Ill.1992). The Court may not utilize its equitable powers to disregard facts that evidence disqualification of counsel on the basis of expediency or necessity for the reorganization of the estate. *In re Middleton Arms, Ltd. Partnership*, 119 B.R. 131, 134 (D.M.D.Tenn.1990), *aff'd* 934 F.2d 723 (6th Cir.1991); *In re Federated Department Stores, Inc.*, 44 F.3d 1310, 1319 (6th Cir. 1995).

---

4. Section 101(14) of the Code defines a "disinterested person" in relevant part as an individual that:

> (A) **is not a creditor,** an equity security holder, or an insider;
>
> ...

(E) **does not have an interest materially adverse to the interest of the estate** or of any class of creditors or equity security holders, **by reason of any direct or indirect relationship to, connection with, or interest in, the debtor** ... or for any other reason (emphasis supplied)

Bankruptcy courts have recognized that, "Only in the rarest cases should the trustee (debtor) be deprived of the privilege of selecting his own counsel...." *In re Market Response Group, Inc.*, 20 B.R. 151, 152 (Bankr.E.D.Mich.1982), *quoting from In re Mandell*, 69 F.2d 830, 831 (2d Cir.1934). Because chapter 11 debtors are fiduciaries, however, in addition to making sure counsel is disinterested and does not represent any adverse interest, courts also have the responsibility to make sure the proposed representation is in the best interest of the estate and will aid in the administration of the proceeding. *In re Doors and More, Inc.*, 126 B.R. 43, 45 (Bankr.E.D.Mich.1991), *reconsideration denied*, 127 B.R. 1001 (Bankr.E.D.Mich. 1991). Courts should also refuse to approve appointments where the retention is at variance with applicable ethical and disciplinary rules. *In re Doors* at 45.

The Court has concluded in view of the facts, statutory provisions, bankruptcy rules and case law that there are four considerations that preclude this Court from approving the retention of Mr. Pettigrew and A & H. First, Mr. Pettigrew and A & H have been grossly negligent in their disclosure of connections that bear upon their retention. At a minimum, they were obligated to search the record and include in their retention papers the information they filed in the CSC case with any appropriate updates, including but not limited to the arrangements for payment in the instant case. As the applicant, this was their burden, not the Court's or the objecting parties'. It is incumbent upon the applicant "... to come forward with facts pertinent to eligibility and to make full, candid and complete disclosure ..." *In re Peoples Savings Corp.*, 114 B.R. 151, 154 (Bankr. N.D.Ill.1990). Disqualification issues should not be left to the discretion of the applicant or addressed after the fact. *In re Lee*, 94 B.R. 172, 176–77 (Bankr.C.D.Cal.1988). As noted by another court:

> When an attorney fails to disclose relationships and facts necessary for the Court to make a determination as to whether they meet the requirements of the Code, three explanations may be inferred: oversight or negligence, failure to understand the im-

portance of proper disclosure, or an intent to circumvent the Code. *In re Atlanta Sporting Club*, 137 B.R. 550, 553 (Bankr. N.D.Ga.1991), *citing In re Automend*, 85 B.R. 173, 179 (Bankr.N.D.Ga.1988).

Second, Mr. Pettigrew and A & H have not demonstrated that they are disinterested. It appears from their own pleadings that they have represented RKC in the past, including in the substantive consolidation litigation, and in a matter relating to its disputes with the former mortgagee, Bando–McGlocklin. The papers filed by Mr. Pettigrew and A & H in the CSC bankruptcy case demonstrate that they are owed approximately $30,000.00 from the substantive consolidation litigation, and that subsequent to the litigation the fees outstanding for their representation of Ms. Cooley, RKC, and the other entities exceed $140,000.00. In addition, Mr. Pettigrew and A & H have stated they are owed approximately $90.00 for work associated with the dispute between RKC and its former mortgagee. Mr. Pettigrew and A & H have failed to demonstrate, in view of all of these facts, how they are not a creditor of RKC, and therefore are unable to establish they are disinterested, as contemplated by §§ 101(14) and 327(a) of the Code.

Third, Mr. Pettigrew and A & H represent Ms. Cooley, RKC, and other entities discussed above in the substantive consolidation litigation and in the CSC bankruptcy case. This Court found as one of the bases for substantive consolidation that there are outstanding loans and payments between Ms. Cooley, MTS, NCG and RKC, all clients of Mr. Pettigrew and A & H. This Court also found there were instances where the entities, who were also clients of Mr. Pettigrew and A & H, did not pay rent to their client RKC. In view of these financial connections, claims and potential causes of action, Mr. Pettigrew and A & H have failed to demonstrate how they could possibly represent RKC, that as a fiduciary is obligated to examine all of these transactions and authorize the commencement of litigation against Ms. Cooley and/or the other entities also represented by Mr. Pettigrew and A & H. Such multiple representation is violative of

DR 5–105, and constitutes an adverse interest pursuant to § 327(a) and (c) of the Code.

Fourth, this Court has concluded that the retention of Mr. Pettigrew and A & H is not in the best interest of RKC and its creditors, that it will not aid in its administration, and that the retention may be violative of applicable disciplinary rules. This conclusion is based on several factors. One factor is the filing itself, that comes: (a) twenty one (21) months after Mr. Pettigrew and A & H began their representation of Ms. Cooley and the entities; (b) six (6) months after entry of the Order providing for substantive consolidation of the assets and liabilities of RKC; and (c) one (1) day after the primary asset of RKC was ordered sold. The timing of the instant filing is inexplicable in view of the significant interests that were always at stake for RKC.

Another factor that is closely related to the timing issue is the pending Motion to Dismiss and for Sanctions filed by the Trustee. In this Motion, the Trustee seeks the dismissal of the instant case and the imposition of sanctions against Ms. Cooley and/or Mr. Pettigrew and A & H on the basis that this case was filed in bad faith. Consolidated has joined in the dismissal portion of this Motion. A critical question raised in the Motion is who authorized the filing and upon whose advice and why. Under these circumstances, Mr. Pettigrew and A & H are potential witnesses and may be called upon to provide testimony that may be adverse to their client(s), Ms. Cooley, RKC, MTS, PBS, and NCG, violative of DR 5–101(B). Further, both Ms. Cooley and RKC require representation from counsel that is not a real and/or potential target of litigation and that have the ability to represent their clients without any concern for their personal welfare. DR 5–101(A). *See Cook v. Cook,* 559 F.Supp. 216 (D.E.D.Pa.1983).

For all of these reasons, the Court has concluded that the Motion for Authority to Employ Counsel should be **DENIED**. As corporate entities may only appear through counsel (LBR 3.0(a)), the Court will give Ms. Cooley, as President of RKC, a period of thirty (30) days from February 14, 1997, to retain counsel, and accordingly, the Court will continue consideration of the Motion to Dismiss and for Sanctions to April 11, 1997, at 10:00 a.m.

**IT IS SO ORDERED.**